UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-16-TAV-HBG |
| BRIAN MICHAEL BURTON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the defendant's *pro se* motion for a sentence reduction [Doc. 44]. On October 7, 2015, the defendant entered a guilty plea to one count of enticement of a minor for sexual purposes, in violation of 18 U.S.C. § 2422(b) [Docs. 17, 28]. Then, on March 15, 2016, the Court sentenced the defendant to a term of 120 months' imprisonment, followed by ten years of supervised release [Doc. 39]. This represented the mandatory minimum sentence to which the Court could have sentenced the defendant. § 2422(b). Indeed, in their sentencing memoranda, both parties recognized that by statute the Court could impose a sentence of no less than 120 months' imprisonment [Docs. 35–36].

The defendant now asks the Court to reduce his sentence to "the 20 month range" [Doc. 44 p. 7]. The defendant asserts that 18 U.S.C. § 3582(c)(2) provides the Court with authority to grant this relief and that such a sentence would be sufficient, but not greater than necessary to serve the sentencing goals set forth in 18 U.S.C. § 3553(a). The defendant further notes that other courts have granted departures below 120 months in similar or more

egregious cases.[1]  Finally, the defendant argues that he is entitled to resentencing in light of constitutional equal protection and due process concerns, given that other defendants convicted of crimes against children have received lower sentences.

After carefully considering the matter, the Court finds that it cannot provide the defendant the relief he seeks.  Federal district courts "may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) ("[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."); *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (noting the same); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (holding that district courts lack inherent authority to modify a term of imprisonment without express statutory authorization from Congress).

Here, the sole source of authority to which the defendant cites is § 3582(c)(2), along with the general sentencing considerations of § 3553(a).  But § 3582(c)(2) only permits the resentencing of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

---

[1] The defendant relies on two cases in particular: *United States v. Weiner*, No. 1:17-cr-307 (S.D.N.Y.), and *United States v. Zuk*, 874 F.3d 398 (4th Cir. 2017).  Neither of these cases supports the defendant's argument that the Court could resentence him below his mandatory minimum. First, the defendant in *Weiner* (former Congressman Anthony Weiner) was convicted of the transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 [No. 1:17-cr-307, Doc. 307].  That offense carries no mandatory minimum.  § 1470.  Second, the defendant in *Zuk* was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  874 F.3d at 400.  That offense likewise carries no mandatory minimum.  § 2252A(b)(2).  Thus, the fact that those defendants received lower sentences than this defendant is immaterial.

The defendant has not alleged that any amendment to the Sentencing Guidelines after his sentencing hearing has lowered the advisory guideline range for a § 2422(b) violation. Indeed, the relevant Guideline provision, section 2G1.3(a)(3), has *not* been amended since the defendant's sentencing hearing.[2] Moreover, nothing in § 3553 authorizes the Court to modify a sentence that it has already imposed.

But even assuming the Court had authority to resentence the defendant, he is still subject to a 120-month mandatory minimum term of imprisonment under § 2422(b). Thus, the Court could not impose a sentence any lower than that which the defendant originally received. *See United States v. Marshall*, 870 F. Supp. 2d 489, 492 (N.D. Ohio 2012) (noting that a district court ordinarily "is not authorized to sentence a defendant below the statutory mandatory minimum," even in light of the § 3553(a) considerations).[3] As such, the defendant's motion for a sentence reduction [Doc. 44] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The latest amendments to section 2G1.3, Amendments 732 and 737, became effective in 2009. *See* U.S. Sentencing Guidelines Manual § 2G1.3 historical note (U.S. Sentencing Comm'n 2016). As noted above, the defendant was sentenced on March 15, 2016 [Doc. 39].

[3] The Court also finds the defendant's conclusory allegations of a constitutional violation to lack merit. The fact that the defendant received a higher sentence under a statute containing a mandatory minimum than defendants convicted under different statutes does not raise any equal protection or due process concerns. Indeed, the defendant has cited no authority to support this theory, nor has he claimed that the mandatory minimum under § 2422(b) is unconstitutional.